IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM BISHOP,

    Plaintiff,

v.                             CIVIL ACTION NO. 2:17-cv-03064

WEST VIRGINIA REGIONAL JAIL AND
CORRECTIONAL FACILITY AUTHORITY, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant West Virginia Regional Jail and Correctional Facility Authority's ("WVRJCFA"), joined by Defendant Correctional Officers Ramon Goux, William Michael Miller, Bryan Channel, James Michael Miller, Stephen Neville, Roberta Evans, Isaac Triplett, and William Allen[1], motion for summary judgment.[2] (ECF No. 96.) Also pending before the Court is Plaintiff William Bishop's ("Bishop") motion for leave to amend his Complaint.[3] (ECF No. 222.) For the reasons discussed more fully below, the Court **GRANTS**

---

[1] Insofar as the Defendant Correctional Officers' motions can be construed as only motions to join instead of separate motions for summary judgment, the Court **GRANTS** these motions. (ECF Nos. 110, 123, 126, 169, 179.)

[2] Also pending in this action are the WVRJCFA's and several Defendant Correctional Officers' individual motions to dismiss Bishop's Complaint and motions for a more definite statement. (ECF Nos. 3, 88, 103, 170, 177, 205.) Because this memorandum opinion and order resolves the case, Defendants' motions are **DENIED AS MOOT**. (ECF Nos. 3, 88, 103, 170, 177, 205.) Defendants William Michael Miller and James Michael Miller also filed a motions to dismiss or, in the alternative, for a more definite statement as to multiple cases in this consolidated action. (ECF No. 69; ECF No. 114.) The Court **DENIES AS MOOT** his motion to dismiss insofar as it seeks to dismiss Bishop's claims. (ECF No. 69, ECF No. 114.) The remainder of these motions are resolved in the proceeding footnote.

[3] This is a consolidated action with *Bishop* designated as the lead case. (*See* ECF No. 7.) The other Plaintiffs in this consolidated action also filed motions to amend their Complaints. (ECF Nos. 223–231.) To date Defendants have not filed objections to these motions to amend. For good cause shown, pursuant to Federal Rule of Civil Procedure

WVRJCFA's motion for summary judgment. (ECF No. 96.) The Court further **DENIES** Bishop's motion to amend. (ECF No. 222.)

## I. BACKGROUND

This action arises out of allegations by Bishop that, on three separate occasions around 2014 through 2016, several correctional officers at the Tygart Valley Regional Jail ("TVRJ") unlawfully used excessive force on him. (ECF No. 1-1 at ¶ 15.) In the caption of his Complaint, Bishop identifies the following correctional officers by their surnames as defendants: Neville, Triplett, Miller, Goux, Simons, Allen, and Evans. (*See* ECF No. 1-1 at 3.) Bishop also names John Doe Correctional Officers. (*See id.*)

Bishop was an inmate at the TVRJ. (*Id.* at ¶ 1.) In his Complaint, Bishop alleges that Defendant Correctional Officers raided Bishop's jail cell without following the chain of command and beat him. (*Id.* at ¶ 19.) However, Bishop does not include the dates on which these alleged incidents occurred. (*See id.*) Bishop further alleges the following unlawful conduct by Defendant Correctional Officers:

1) Using unreasonable and excessive force in carrying out their duties;
2) Unnecessarily using threats of physical force and violence;
3) Violating CSR 95-1-4.1, 95-1-4.2, 95-1-4.9, 95-1-5.2, 95-1-5.13, 95-1-11.17, 95-1-15.9, 95-1-15.11, 95-1-15.13 and other regulations governing the operation of regional jails and Violating Policy and Procedures;
4) Failing to respond to the grievances filed by the inmates that were assaulted or deprived of their personal property;
5) Conspiring with each other and jail officials to hide their inappropriate and actionable conduct; and
6) Threatening and intimidating witnesses that were aware of the conduct described herein.

---

15(a)(2), the Court **GRANTS** these motions. Accordingly, as they are based on the original Complaints, the motions to dismiss and for a more definite statement pertaining to these Plaintiffs are **DENIED AS MOOT**. (ECF Nos. 28, 39, 60, 67, 69, 71, 73, 75, 78, 94, 114, 260, 262, 264, 266, 268, 270, 280.)

(*Id.* at ¶¶ 19–20.)

On May 17, 2017, Bishop filed this action against the WVRJCFA and certain correctional officers working at the TVRJ in the Circuit Court for Kanawha County, West Virginia. (*See* ECF No. 1-1 at 2.) The Complaint alleges assault and battery (count one), intentional infliction of emotional distress (count two), violations of the United States and West Virginia Constitutions through use of excessive force (count three), violation of 42 U.S.C. § 1983 (count four), negligent supervision (count five), negligence (count six), reckless and malicious conduct (counts seven and eight), conspiracy (count nine), intentional spoliation (count ten), and vicarious liability (count eleven). (*See id.* at ¶¶ 23–70.) The WVRJCFA timely removed this action to this Court. (ECF No. 1.) The Court consolidated Bishop's case with nine other similar cases and designated Bishop's case as the lead case. (ECF No. 7.)

On October 2, 2017, the WVRJCFA filed the present motion for summary judgment. (ECF No. 96.) As stated above, several of the Defendant Correctional Officers also filed individual motions for summary judgment that simply join and incorporate the arguments from WVRJCFA's motion for summary judgment. (ECF Nos. 110, 123, 126, 169, 179, 205.) Bishop timely responded to the WVRJCFA's motion and the WVRJCFA timely replied. (ECF Nos. 135, 152.) As such, the WVRJCFA's motion for summary judgment is fully briefed and ripe for adjudication.

Bishop subsequently filed a motion to amend his Complaint. (ECF No. 222.) The WVRJCFA, joined by Defendant Correctional Officers Allen, Goux, Miller, Neville, Triplett, and Evans, filed a response in opposition to Bishop's motion to amend. (ECF No. 237.) Bishop filed

a timely reply. (ECF No. 239.) As such, Bishop's motion to amend is also fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. That rule provides, in relevant part, that summary judgment should be granted if "there is no genuine issue as to any material fact." Summary judgment is inappropriate, however, if there exist factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ. Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When construing such factual issues, the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Once the moving party has met its burden, the burden shifts to the nonmoving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If a party fails to make a sufficient showing on one element of that party's case, the failure of proof "necessarily renders all other facts immaterial." *Id.* at 323.

"[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. "The mere existence of a scintilla of evidence" in support of the nonmoving party is not enough to withstand summary judgment; the judge must ask whether "the jury could reasonably find for the plaintiff." *Id.* at 252.

III. ANALYSIS

In its motion for summary judgment, the WVRJCFA argues that Bishop's state and 42 U.S.C. § 1983 claims are barred by the statute of limitations. (*See* ECF No. 97 at 1.) Defendants rely on this argument in their opposition to Bishop's motion for leave to amend his Complaint. (*See* ECF No. 237.) As Defendants' argument opposing Bishop's motion for leave to amend is dependent on the Court's ruling on the WVRJCFA's motion for summary judgment, the Court will address the motion for summary judgment first.

A. *WVRJCFA's Motion for Summary Judgment*

In its motion for summary judgment, the WVRJCFA argues that Bishop filed his Complaint outside of the two year statute of limitations. (*See* ECF No. 97 at 2–5.) Bishop, however, argues that the statute of limitations on his claims was tolled. (*See* ECF No. 135 at 2.) The Court will address Bishop's state law and § 1983 claims separately, beginning with his state law claims.

1. State Law Claims

As stated above, Bishop alleges several state law claims against Defendants. *See supra* Part I. Bishop's state law claims all involve claims of personal injury and thus are governed by West Virginia's general statute of limitations for personal injury actions as provided in West

Virginia Code § 55-2-12(b). *See Rakes v. Rush*, No. 2:09–018, 2009 WL 2392097, at *4 (S.D. W. Va. Aug. 4, 2009) ("Plaintiff's claims for negligent hiring, retention, supervision, and failure to train are also subject to the two-year statute of limitations of § 55–2–12(b) inasmuch as they arise from alleged personal injuries" (citing *Casto v. Dupuy*, 515 S.E.2d 364, 368 (W. Va. 1999))); *Dunn v. Rockwell*, 689 S.E.2d 255, 269 (W. Va. 2009) ("[T]he statute of limitations for a civil conspiracy claim is determined by the nature of the underlying conduct on which the claim of conspiracy is based—which, as we have just held in this case, is two years"); *Harrison v. Davis*, 478 S.E.2d 104, 108 n. 8, 117 (W. Va. 1996) (observing that "[p]ersonal injury actions are governed by the general tort [two-year] statute of limitations found in W. Va. Code 55–2–12(b)" including plaintiff's spoliation of evidence cause of action); *Courtney v. Courtney*, 437 S.E.2d 436, 442 (W. Va. 1993) (holding that claims for infliction of emotional distress and assault and battery are governed by the two-year limitations period of § 55–2–12(b)).

West Virginia's general statute of limitations for personal injury claims states that personal injury actions "shall be brought . . . within two years next after the right to bring the same shall have accrued . . . ." W. Va. Code § 55-2-12(b). West Virginia law further provides that an action for personal injury accrues when the tort occurs. *See Merrill v. W. Va. Dep't of Health & Human Res.*, 632 S.E.2d 307, 312 (W. Va. 2006). However, there are three ways in which the statute of limitations can be tolled.

First, "under the discovery rule, the statute of limitations is tolled until the individual discovers or could have discovered the alleged defect with reasonable diligence." *Beattie v. Skyline Corp.*, 906 F. Supp. 2d 528, 540 (S.D. W. Va. 2012). The Supreme Court of Appeals of West Virginia has stated the following regarding the discovery rule:

> The statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

*Dunn*, 689 S.E.2d at 264–65. "The plaintiff is charged with the knowledge of the factual, rather than the legal, basis for the action." *Id.* at 255.

Second, the statute of limitations can be equitably tolled. Equitable tolling focuses on a plaintiff's excusable ignorance of the statute of limitations and the lack of prejudice to the defendant. *See Massey v. Wriston*, No. 2:13-cv-08842, 2016 WL 5172811, at *6 (S.D. W. Va. Sept. 21, 2016) (quoting *Indep. Fire Co. No. 1 v. W. Va. Human Rights Comm'n*, 376 S.E.2d 612, 614 (W. Va. 1988)). Although there is scant West Virginia law on equitable tolling, as applied by federal courts, equitable tolling is a "rare remedy" that can only be invoked when a plaintiff was prevented from asserting his or her claims by a defendant's wrongful conduct or when there are extraordinary circumstances beyond a plaintiff's control that made it impossible for the plaintiff to file his or her claims on time. *See Massey*, 2016 WL 5172811, at *6 (citing *Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014)); *see also Indep. Fire Co. No. 1*, 376 S.E.2d at 614–15 (looking toward federal law to determine applicability of equitable modification doctrines to a West Virginia cause of action).

Lastly, the statute of limitations can be tolled by equitable estoppel. Equitable estoppel focuses on actions by the defendant, such as "misrepresentations or concealment of a material fact", that induces the plaintiff to refrain from bringing a lawsuit due to the plaintiff's reliance on the defendant's actions. *See Morales v. Robinson*, No. 2:05–0509, 2007 WL 1074836, at *6 (S.D. W. Va. Apr. 6, 2007) (quoting *Ara v. Erie Ins. Co.*, 387 S.E.2d 320, 324 (W. Va. 1989)). Thus,

absent an affirmative act by a defendant, "a plaintiff cannot successfully make a case for estoppel." *Massey*, 2016 WL 5172811, at *6 (quoting *Estate of Dearing ex rel. Dearing v. Dearing*, 646 F. Supp. 903, 907 (S.D. W. Va. 1986) (internal quotation marks omitted)). The West Virginia Supreme Court of Appeals has stated that "[t]he doctrine of estoppel should be applied cautiously, only when equity clearly requires that it be done." *Samsell v. State Line Dev. Co.*, 174 S.E.2d 318, 327 (W. Va. 1970).

Here, as stated above, Bishop did not include the dates of the incidents in his Complaint. However, the parties do not dispute that the allegations in the Complaint occurred around October and/or December 2014. (*See* ECF No. 96-1 at ¶ 9 (Bishop's Response to the WVRJCFA's Reqs. for Admis.).) Additionally, Bishop was transferred from the TVRJ on February 9, 2015. (*See id.* at ¶¶ 2–8.) Thus, the incidents had to have occurred on or before then. Furthermore, Bishop does not deny that he knew of his injuries when the incidents occurred. Therefore, under West Virginia law, his claims accrued once the incidents occurred. Accordingly, the statute of limitations on Bishop's state law claims would have run, at the latest, on February 9, 2017.

Bishop argues that he was unaware that a cause of action existed for the alleged incidents until the Federal Bureau of Investigation ("FBI") questioned him in mid to late 2016 and therefore, pursuant to the discovery rule, the statute of limitations on his claims was tolled. (*See* ECF No. 135 at 2.) However, as stated above, under the discovery rule, it is a plaintiff's knowledge of the facts underlying the cause of action not the knowledge that a cause of action exists that causes a claim to accrue. *See Hill v. Cunningham*, No. 5:09-CV-135, 2010 WL 1138337, at *2 (N.D. W. Va. Mar. 19, 2010). Thus, the statute of limitations on Bishop's claims was not tolled by the discovery rule.

Bishop further argues that even if the Court finds that the statute of limitations was not tolled by the discovery rule, the statute of limitations was equitably tolled. (*See* ECF No. 135 at 3.) In support of this argument, Bishop simply states that because of the extent of the alleged abuses by Defendants, public policy dictates that equitable tolling be applied. (*See id.*) However, Bishop does not allege any action by Defendants that would have prevented him from filing a lawsuit. Furthermore, as the WVRJCFA notes in its reply, Bishop was discharged from the TVRJ before the statute of limitations had run, and thus could have timely filed his lawsuit once he was outside of Defendants' authority. Additionally, Bishop does not present any extraordinary circumstance that would have prevented him from timely bringing his lawsuit. Thus, the Court does not find Bishop's argument that the state of limitations should be equitably tolled persuasive. *See Massey*, 2016 WL 5172811, at *7 ("Plaintiff . . . does not allege that any defendant has engaged in any wrongful conduct preventing him from bringing suit."); *see also Lowe v. Ballard*, No., 2011 WL 7042482, at *3 (S.D. W. Va. Nov. 18, 2011) ("[E]quitable tolling should apply in 'two generally distinct kinds of situations:' (1) where a plaintiff/petitioner is prevented from asserting his claim by some kind of wrongful conduct on the part of the defendant/respondent; and (2) where extraordinary circumstances beyond the plaintiff/petitioner's control made it impossible to file the claims on time." (quoting *Harris v. Hutchinson*, 209 F.2d 325, 330 (4th Cir. 2000))).

Lastly, Bishop argues that the statue of limitations should be equitably estopped. Bishop directs the Court to case law finding that the statute of limitations was tolled where a defendant engaged in misconduct in order to conceal his prior wrongdoing. (*See* ECF No. 135 at 3 (citing *Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231, 232 (1959).) Bishop further argues that it

9

would be unfair to allow the Defendants in this case to take advantage of the statute of limitations when one of the claims against them is failing to report the excessive force incidents. (*See id.* at 3–4.) However, Bishop does not assert that Defendants concealed or misrepresented a fact to Bishop which induced Bishop to refrain from filing a lawsuit. Bishop appears to assert that Defendants' failure to properly supervise or report the alleged uses of excessive force constitutes misrepresentation or concealment. However, Bishop does not assert that failing to supervise or report the alleged incidents induced Bishop to not file a lawsuit. Accordingly, the Court **FINDS** that Bishop's state law claims are barred by the statute of limitations. *See Morales*, 2007 WL 1074836, at *6 (finding that equitable estoppel did not apply where the plaintiff was not deterred by defendant's conduct from filing a complaint).

    2. <u>42 U.S.C. § 1983 Claims</u>

In his Complaint, Bishop asserts a claim for damages under 42 U.S.C. § 1983 based on Defendants' alleged violations of his Eighth and Fourteenth Amendment rights. (*See* ECF No. 1-1 at ¶¶ 36–42.) Federal law does not provide a statute of limitations for actions brought under § 1983. *See Wallace v. Keto*, 549 U.S. 384, 387 (2007). Therefore, actions brought under § 1983 are governed by the analogous statute of limitations in the state in which the action is brought. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989). The Supreme Court has stated that "[b]ecause § 1983 claims are best characterized as personal injury actions . . . a State's personal injury statute of limitations should be applied to all [§] 1983 claims." *Id.* at 240–41 (quoting *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). When a state has multiple statutes of limitations for personal injury actions, "courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens*, 488 U.S. at 249–50.

As stated above, the general statute of limitations for personal injury actions in West Virginia is provided in West Virginia Code § 55-2-12(b), which states that personal injury actions must be brought within two years of their accrual  W. Va. Code § 55-2-12(b).  When a § 1983 claim accrues, however, is determined by federal law.  *Cox v. Stanton*, 529 F.3d 47, 50 (4th Cir. 1975).

Under federal law, a claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action."  *Nasim v. Warden, MD House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc), cert. denied, 516 U.S. 1177 (1996) (citing *United States v. Kubrick*, 444 U.S. 111 (1979)).  Thus, a § 1983 claim "accrues either when the plaintiff has knowledge of his claim or when he is put on notice—e.g., by the knowledge of the fact of injury and who caused it—to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim."  *Nasim*, 64 F.3d at 955 (quoting *Childers Oil Co., Inc. v. Exxon Corp.*, 960 F.2d 1265, 1272 (4th Cir. 1992)); *see also A Society Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (citing *Cox*, 529 F.3d at 50).

In determining whether the statute of limitations should be tolled, a District Court must look to state law.  *See Morales v. Robinson*, 2007 WL 1074836, at *5 (citing *Board of Regents v. Tomanio*, 446 U.S. 478, 486–488 (1980)).  As discussed above, under West Virginia law, the statute of limitations in personal injury actions can be tolled by the discovery rule, equitable tolling, or equitable estoppel.  *See supra* Part III.A.1.

Here, as discussed more fully above, the latest date on which the alleged incidents could have occurred is February 9, 2015.  *See id.*  Furthermore, as stated above, Bishop does not dispute that he knew of his injuries and the cause of them when the alleged incidents occurred.

11

*See id.* Thus, through a "reasonable inquiry", Bishop would have found that his injuries gave rise to a colorable cause of action. Therefore, pursuant to federal law, Bishop's claims accrued no later than February 9, 2015. *See Nasim*, 64 F.3d at 955; *Kelvey v. W. Reg'l Jail*, No. 3:13-cv-22206, 2015 WL 1395792, at *5 (S.D. W. Va. Feb. 3, 2015) (holding that the plaintiff had sufficient facts about the harm done to him that a reasonable inquiry would have revealed his cause of action as soon as the assault by the correctional officer occurred); *Kanode v. Swope*, Nos. 1:09–1530, 1:10–0407, 1:11–0994, 1:12–0157, 2012 WL 4507602, at *6 (S.D. W. Va. Feb. 22, 2012) ("The undersigned concludes that [p]laintiff's cause of action accrued no later than December 14, 2006, the date excessive force was alleged[ly] used upon [p]laintiff."). Accordingly, applying the West Virginia general statute of limitations for personal injury claims, Bishop needed to file his § 1983 claim on or before February 9, 2015. Bishop, however, did not file his Complaint until May 17, 2017. Because, as discussed more fully above, none of the tolling doctrines are applicable here, the Court **FINDS** that Bishop's § 1983 claim is barred by the statute of limitations.

In sum, the Court **FINDS** that the claims alleged in Bishop's Complaint are barred by the statute of limitations. However, because Bishop filed a motion to amend his Complaint before Defendant's motion for summary judgment was resolved, the Court will examine Bishop's motion to amend to determine whether the proposed amendments offer a sufficient basis for sustaining this action.

B. *Bishop's Motion for Leave to Amend*

Bishop seeks to amend his Complaint to add the dates on which the alleged incidents occurred. (*See* ECF No. 222.) Federal Rule of Civil Procedure 15(a) provides that "[l]eave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Fourth Circuit

has held that a motion to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos*, 264 F.3d 424, 446 (4th Cir. 2001). Amendment is futile when the opposing party would be entitled to summary judgment on the amended claim. *See Adkins v. Labor Ready, Inc.*, 205 F.R.D. 460, 462 (S.D. W. Va. 2001) (citing *Edell*, 264 F.3d 424, 446 (4th Cir.2001)).

Here, the proposed Amended Complaint states that the dates of the alleged incidents occurred on or about January 7, 2015, December 26, 2014, and December 11, 2014. (ECF No. 222-1 at ¶ 15.) For the reasons discussed more fully above, these dates are unhelpful to Bishop on the limitations bar. Thus, Bishop's proposed amendment would be futile as Defendants would be entitled to summary judgment on the Amended Complaint. Accordingly, Bishop's motion to amend his Complaint is **DENIED**.

### IV. CONCLUSION

For the reasons discussed herein, the Court **GRANTS** WVRJCFA's motion for summary judgment.[4] (ECF No. 96.) The Court further **DENIES** Bishop's motion for leave to amend his Complaint. (ECF No. 222.) A separate Judgment Order will be entered reflecting the Court's ruling.

**IT IS SO ORDERED**.

---

[4] To the extent that the other Defendants' motions for joinder in the WVRJFCA's motion for summary judgment can be construed as separate motions for summary judgment, this ruling applies to those motions as well. (ECF Nos. 110, 123, 126, 169, 179.)

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 26, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE